WRIGHT, J.
If the costs now sought to be recovered accrued before judgment in the Common Pleas, they were occasioned by the losing party, and so could not be included in the judgment; and if the officers chose to trust the defendant for them, instead of exacting prompt payment, they had a right to do s o, or they had a right to demand prompt payment. The fact of a credit being given for costs to a party litigant, does not entitle the officer to ask a summary proceeding to collect his money. Such persons have no stronger claim to a summary proceeding than any other citizen. The costs occasioned by the plaintiff, and which he paid, or is supposed to have paid, were included in his judgment and he either recovered them back, or they remain due to him: (5 O. 277; 1 O. 274). On the reversal there was a judgment of restitution, which will enable the party to recover back by proper process of execution, the amount of costs he has been compelled to pay by the erroneous judgment: (4 O. 375). But whether paid or not, the officers of the court, strangers to the judgment, cannot interfere. When they trust their customers they have the same remedy with other citizens to coerce payment. What the court said in Meacham v. Dodge, ante 375, was only that in a proper case payment of costs would be enforced by order and attachment. When a party is ordered to pay costs as the condition of obtaining a continuance or leave to amend, and neglects to pay, the court will compel him by order and attachment, on the application of the other party to the suit, but not on the application of the clerk and sheriff, who are strangers to the suit. Such would be a proper case for the application ; the case before us we think not of that class. The motion is denied.